BENJAMIN F. PAGE *vs.* JOSEPH ROBINSON & others.

The commencement of a suit by a mortgagee in possession, to foreclose the mortgage by action, is not an abandonment of his possession.

A mortgagee not in actual possession may, after condition broken, maintain trespass against the mortgagor for cutting and carrying to market timber trees standing on the premises.

THIS was an action for a trespass upon a tract of land in Hardwick, called the Jenkins and Ruggles lot.

The declaration, among other things, charged the defendants with breaking and entering said close on the 25th September, 1850, and on divers other days, between said 25th day of September and the 1st day of November, 1850, and cutting and carrying away a large quantity and number of trees, wood, and timber there standing and being. The defendants severally pleaded the general issue. Joseph Robinson claimed title and possession of said close, and the other defendants justified as his servants.

The plaintiff claimed title under a mortgage deed from Jasper Severance to Samuel Billings, dated April 1, 1836, recorded April 20, 1836, and assigned by Billings to Daniel Bacon, June 10, 1848, and by said Bacon to the plaintiff, March 21, 1850. The condition of said mortgage had been broken, long before said assignment of June 10, 1848. Said Bacon previous to his assignment to the plaintiff, to wit, March 19, 1850, made open and peaceable entry upon the premises for condition broken, and to foreclose the right in equity to redeem, in the presence of two witnesses—a certificate of which, signed and sworn to by said witnesses, was made upon said mortgage in due form—all which, together with the several assignments aforesaid, were duly recorded on the 3d day of April, 1850.

The plaintiff introduced evidence tending to prove, that on the 24th August, 1850, he went with a witness upon said lot and there declared that he took possession thereof under his mortgage, but no notice thereof was given to any person.

The defendants produced a quitclaim deed of the premises from said Jasper Severance to the said Joseph Robinson, dated August 23, 1842, and recorded March 27, 1848, and offered evidence tending to show possession of the premises in themselves. It also appeared in evidence that the plaintiff, on the 3d of June, 1850, commenced a writ of entry in common form, upon his said mortgage, for foreclosure thereof, against said Robinson, William F. Granger and one Keyes, who occupied a part of the house aforesaid, returnable to the June term of the court of common pleas, when the same was duly entered and continued to the following September term of said court, and on the 7th day of September aforesaid, conditional judgment was rendered therein, but no writ of possession was ever issued thereon.

It further appeared that the plaintiff on the 25th of September, 1850, caused a petition to be made to the justices of the supreme judicial court, which was by him subscribed, sworn to, and presented to one of the justices of said court in Boston, and served on the 26th day of the same September, in which he alleged that said Robinson, was then in possession of the premises, and referred to the suit and judgment aforesaid, and praying for a writ of injunction to be issued against said Robinson, which was granted.

*Merrick,* J. in the court of common pleas, instructed the jury, that the entry of Bacon upon the premises, made for the purpose of foreclosing all right in equity to redeem the same before his assignment of the mortgage to the plaintiff, was sufficient to show such a possession thereof by the plaintiff as would enable him to maintain an action of trespass, unless he saw fit to abandon, and did actually abandon the possession thereof: and that the commencement and prosecution of his said suit to recover possession from Robinson and others, was of itself an abandonment of all claim to possession by virtue of the said proceedings of Bacon, and estopped the plaintiff from asserting his own possession by virtue of those proceedings, and from denying the possession of said Robinson at the time of the commencement of said suit, and therefore that the plaintiff could not maintain this action against Robinson

without showing that he had subsequently taken possession of the premises ; that if the plaintiff did afterwards on the 24th August, take possession in the presence of a witness, the possession so taken, although it was wholly unknown to said Robinson, would enable the plaintiff to maintain this action of trespass, if he did not afterwards abandon possession of the premises to said Robinson and his tenant, and leave the same in their actual occupation, and if he did so abandon his possession, and leave the premises in the actual occupation of said Robinson and his tenant, the plaintiff could not maintain this action. And it was left to the jury to be by them determined as a question of fact upon all the evidence in the case, including the plaintiff's said proceedings to obtain a writ of injunction, and his statements and representations made in his petition therefor, whether the plaintiff was in fact in possession of the premises at the time of the alleged trespass; and if they found that the plaintiff was not in possession, and that the said Robinson was in possession claiming to hold the premises under his deed from the mortgagor, this action could not be maintained.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*N. Wood,* for the plaintiff.

*E. Washburn,* for the defendants.

DEWEY, J. In our view, this case is to be decided upon somewhat broader grounds than those principally discussed at the argument.

In relation to one of those points, that the commencement and prosecution of a suit by the plaintiff to foreclose the mortgage, was an abandonment of his previous possession that he had taken of the premises, we apprehend the ruling was not sound. The case of *Fay* v. *Valentine,* 5 Pick. 418, cited to that point, goes no further than to hold that the institution of such action postpones the time for the commencement of the three years' limitation, and to that extent is a waiver of the previous commencement of foreclosure by an entry and possession, but does not hold that the possession of

9*

the mortgagee, if he be in possession, is thereby lost or aban-
doned. The cases of *Dorrell* v. *Johnson*, 17 Pick. 263, and
*Merriam* v. *Merriam*, 6 Cush. 91, would seem to hold, that
such action to foreclose, by a suit at law, was not inconsistent
with an actual possession of the premises by the mortgagee.

But, in the opinion of the court, the right to maintain ʼhis
action does not depend upon the fact of the plaintiff having the
actual possession. That would be so, if this was an action
of trespass for merely entering upon the land, or for using the
same for the ordinary purposes of husbandry. The acts com-
plained of in the present action, and for which damages are
demanded, are injuries to the freehold, rather than to the
possession. The alleged trespass is the committing strip and
waste upon the mortgaged premises, by cutting down and
carrying away large quantities of standing wood and timber.
The question is, as to the rights of a mortgagee to bring an
action of trespass against the mortgagor or his lessee, for
such cutting down and carrying away timber and trees there
standing and being, and these acts done long after the condi-
tion of the mortgage was broken.

By force and effect of the mortgage, the legal estate at once
vests in the mortgagee, and as between the parties to the
mortgage, the right of possession also immediately passes to
the mortgagee, unless he has stipulated for the continuance of
the possession in the mortgagor until condition broken. In
either of these cases, after condition broken, his right of im-
mediate possession accrues, and as between these parties it
carries with it the incidents of a right to sue in trespass for
any injury to the freehold by strip and waste in cutting down,
and carrying to market, valuable timber trees. The possession
of the mortgagor—if he was in the apparent possession—is
not one adverse to the possession of the mortgagee. As to
injuries of the character above described, the acts are beyond
the possession of the mortgagor, and whoever is the actor, he
is amenable to the mortgagee for the violation of his right.
The foundation of the error on this subject, if error there has
been, arises from the want of proper discrimination as to the

relation of mortgagor and mortgagee in reference to the common and ordinary use of the mortgaged premises, and those acts for which a license may be properly implied. Many acts done by a mortgagor, which would otherwise be acts of trespass or wrong done to the mortgagee, are therefore fully authorized when from the circumstances of the case, the assent of the mortgagee may be reasonably presumed, as is stated in the case of *Smith* v. *Moore*, 11 N. Hamp. 55.

But independent of such license either express or implied, a mortgagee can maintain trespass against the mortgagor, or one acting under his authority, who shall cut and carry away timber trees from the mortgaged premises.

This doctrine was early sustained in the state of Maine, in the case of *Stowell* v. *Pike*, 2 Greenl. 387 ; *Smith* v. *Goodwin*, 2 Greenl. 173 ; and confirmed by *Bussey* v. *Page*, 2 Shepley, 132 ; *Frothingham* v. *McKusick*, 11 Shepley, 403.

It is also the law of New Hampshire. *Pettingill* v. *Evans*, 5 N. Hamp. 54 ; *Sanders* v. *Reed*, 12 Ib. 558. But what is of greater authority with us, and quite conclusive, are the cases of *Marsh* v. *Wentworth*, and *Marsh* v. *Horton*, decided in Berkshire, September term, 1846, but which, through some casualty, were not published in the volumes of Reports.

These two cases presented the question as to actions of trespass *quare clausum fregit*, against the mortgagor himself, and also against those claiming under him, and it was held as respects both, that this action would lie for cutting down and removing standing timber trees.

These cases were fully considered and deliberately settled by this court, and we see no reason to doubt their correctness.

The result will be, therefore, that the exceptions are sustained, and a new trial ordered. *Exceptions sustained.*